UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
CIVIL ACTION NO. 6:26-CV-25-REW-EBA

ALYSHIA R. HORN, individually and as
Administratrix of THE ESTATE OF ELEANOR J. HORN, and
JAMES GRANT LEE HORN,                                                              PLAINTIFFS

VS.                           **THIRD-PARTY COMPLAINT**

UNITED STATES OF AMERICA,                                              DEFENDANT/
                                                                     THIRD-PARTY PLAINTIFF

VS.

WHITESBURG ARH HOSPITAL,                           THIRD-PARTY DEFENDANT
An Assumed Name of
APPALACHIAN REGIONAL HEALTHCARE, INC.
2260 Executive Drive
Lexington, Kentucky 40505

Serve:  Christi Lee
        ARH System Center - Hazard
        101 Airport Gardens Rd, Suite 305
        Hazard, Kentucky 41701

*** *** *** *** ***

Comes the United States of America, for its Third-Party Complaint, and states as follows:

**PARTIES**

1.    Third-Party Plaintiff is the United States of America ("United States").

2.    Third-Party Defendant Whitesburg ARH Hospital, an assumed name of Appalachian Regional Healthcare Inc. ("Whitesburg ARH"), is a non-profit corporation headquartered in Lexington, Kentucky. It is incorporated under the Commonwealth of Kentucky, with its principal place of business located at 2260 Executive Drive, Lexington, Kentucky 40505,

whose registered agent for service of process is Christi Lee, ARH System Center – Hazard, 101 Airport Gardens Road, Suite 305, Hazard, Kentucky 41701.

3. In the event that the United States identifies, through discovery or otherwise, additional persons or entities who should be named as Third-Party Defendant(s) in this action, the United States will seek leave to amend this Third-Party Complaint to name such additional Third-Party Defendant(s).

## JURISDICTION AND VENUE

4. Plaintiffs Alyshia R. Horn and James Grant Lee Horn have filed this action against Defendant/Third-Party Plaintiff pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, for money damages as compensation for the alleged wrongful death of Eleanor J. Horn. Eleanor Horn was stillborn while Alyshia Horn was admitted to the facilities of Third-Party Defendant and while under the care of employees, agents, servants, nurses, technicians, and/or assistants who were employed by and/or acting on behalf of Whitesburg ARH.

5. The United States District Court for the Eastern District of Kentucky has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. §§ 1345 and 1367.

6. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the claims set forth in this Third-Party Complaint because the United States' claims against Whitesburg ARH are so related to claims against the United States within the original jurisdiction of this Honorable Court under 28 U.S.C. § 1346(b) that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in the Southern Division of the Eastern District of Kentucky in Pikeville because a substantial part of the alleged events, acts, and omissions that gave rise to the

suit occurred at Whitesburg ARH, located in Whitesburg, Kentucky within the Eastern District of Kentucky.

## FACTUAL ALLEGATIONS

8.  In their Complaint, Plaintiffs allege that Dr. Nathan Baker, a deemed employee of the United States under the Federally Supported Health Centers Assistance Act (FSHCAA) and the FTCA, committed negligence when he "failed to recognize and/or respond to signs of fetal distress as evidenced on the fetal heart monitor tracing prior to the delivery of Eleanor J. Horn, deceased." [R. 1 at Page ID #4 (¶ 18).]

9.  In a separate suit currently pending in Letcher Circuit Court, Plaintiffs allege that Whitesburg ARH by and through its employees and agents "deviated from the accepted standard of care in the performance of its medical responsibilities to Alyshia R. Horn and Eleanor J. Horn, deceased, and such deviations constitute medical negligence and were a substantial factor in causing Eleanor's injuries and subsequent death on May 30, 2023." [*See* Complaint, Case No. 24-CI-152, Letcher Circuit Court, Ky. (May 24, 2024) at p. 3 (¶ 10).]

10. In its Answer [R. 7], the United States denied any medical negligence and/or liability on its part in connection with Plaintiffs' alleged injuries, and specifically asserted that "the negligence of others who are not deemed employees of the Defendant was the proximate cause of the injuries suffered by Plaintiffs" and that "[t]he negligence of others and any damages recovered must be denied or reduced in proportion to such negligence in accordance with K.R.S. § 411.182[,]" thus breaking any causal connection and severing the legal effect between the United States' alleged negligence and Plaintiffs' alleged injuries.

11. On or about May 30, 2023, nurses and staff at Whitesburg ARH, who treated Alyshia and Eleanor Horn, were negligent and grossly negligent in the care and treatment rendered, resulting in Eleanor's death and damages.

## COUNT I – COMMON LAW INDEMNITY

12. The United States refers to Paragraphs 1 through 11 of this Third-Party Complaint and incorporates them by reference as though fully set forth herein.

13. To the extent that the United States is found liable for any of Plaintiffs' claims, which the United States expressly denies, the actions of Whitesburg ARH, or its predecessors in interest, were of such active and primary quality to have directly and proximately caused the harm for which Plaintiffs seek recovery.

14. To the extent that the United States is found liable for any of Plaintiffs' claims, for which the United States denies any liability, then the United States is entitled to complete indemnity from Whitesburg ARH from and against any and all judgments, liability, damages, costs, attorneys' fees, and expenses of any kind incurred in this action.

## COUNT II – APPORTIONMENT and CONTRIBUTION

15. The United States refers to Paragraphs 1 through 14 of this Third-Party Complaint and incorporates them by reference as though fully set forth herein.

16. If any judgment is rendered in this proceeding, then any fault of the United States should be wholly apportioned to other parties, including, but not limited to, Whitesburg ARH.

17. Alternatively, the United States is entitled to apportionment and contribution, pursuant to K.R.S. § 411.182, so comparative fault may be considered in the determination of liability.

WHEREAS, Defendant/Third Party Plaintiff United States respectfully demands relief as follows:

1. Judgment in favor of the United States on all claims contained in this Complaint;

2. If the United States is adjudged liable to the Plaintiffs in any amount, the United States should be awarded judgment against Appalachian Regional Healthcare, Inc. by way of indemnity in an amount equal to such sum so adjudged, including costs, expenses, and reasonable attorneys' fees incurred herein;

3. Apportionment of the percentage of fault, if any, among the United States, the Third-Party Defendant, and Plaintiffs for damages and losses allegedly caused to Plaintiffs;

4. For an order that the United States is entitled to apportionment limiting the United States' liability to the amount of damages proportionate to the negligence, if any, attributable to the United States;

5. Expenses and fees incurred herein; and,

6. Any and all other relief to which the United States is entitled.

    Respectfully submitted,

    PAUL C. McCAFFREY
    ACTING UNITED STATES ATTORNEY

    */s/Elizabeth Davis Stone*
    Elizabeth Davis Stone
    Assistant United States Attorney
    260 West Vine Street Suite 300
    Lexington, KY  40507-2661
    (859) 685-4923
    Elizabeth.Stone@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of December 2025, I electronically filed the foregoing with the clerk of the court and served on counsel of record using the CM/ECF system. I further certify that on the same day, a courtesy copy of the foregoing was served electronically to:

Noel R. Halpin
Claude O. Tackett
O'BRYAN BROWN & TONER, PLLC
halpinn@obtlaw.com
tackettc@obtlaw.com
*Counsel for Whitesburg ARH*

                                                      */s/Elizabeth Davis Stone*
                                                      Assistant United States Attorney